## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BRETT COLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-CV-03160 |
| | ) | |
| JUDGE JOHN M. MADONIA, | ) | |
| JAMES ELMORE, JOHN C. | ) | |
| MILHISER, and OFFICER | ) | |
| L. NORTON, | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW OPINION

Plaintiff filed this case pro se from the Sangamon County Jail. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its

face.'" <u>Alexander v. U.S.</u>, 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted).

On June 26, 2018, Plaintiff filed a Complaint (d/e 1) against Judge John M. Madonia, James Elmore, John C. Milhiser, and Officer L. Norton. Plaintiff brings the action pursuant to 42 U.S.C. § 1983.[1] To state a claim pursuant to 42 U.S.C. § 1983, Plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the alleged deprivation was committed by a person acting under the color of state law. <u>Rodriguez v. Plymouth Ambulance Serv.</u>, 577 F.3d 816, 822 (7th Cir. 2009).

Plaintiff is awaiting trial on charges of aggravated battery, resisting a peace officer, and retail theft in Sangamon County Case No. 2017-CF-001366. The court docket shows that the Office of the Public Defender was appointed to represent Plaintiff and that he is represented by attorney James Elmore. <u>See</u>

http://records.sangamoncountycircuitclerk.org/sccc (last visited

---

[1] Plaintiff also marks the box on the complaint form for a Federal Tort Claims Act (FTCA) claim. However, the FTCA is the wrong basis for Plaintiff's claims. The FTCA is the means of bringing suit against the United States in situations where a private person would be liable under state law. <u>See</u> <u>Augustus v. United States</u>, 732 F.3d 749, 752 (7th Cir. 2013).

July 19, 2018); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets). Judge Madonia is the judge assigned to the case. Milhiser is the Sangamon County State's Attorney.

In his Complaint, Plaintiff alleges that he was savagely beaten by Officer Norton of the Sangamon County police department and then arrested for resisting arrest and aggravated battery. Plaintiff alleges that he is "pretty sure" that Judge Madonia and Attorney Elmore are "in a plot to deprive" Plaintiff of his life, liberty, and happiness. Plaintiff alleges that Judge Madonia has denied Plaintiff a speedy trial. Plaintiff alleges that Attorney Elmore failed to object to a continuance and requested Plaintiff be placed in cuffs and shackles at trial.

Plaintiff fails to state a claim against Judge Madonia, Attorney Elmore, and State's Attorney Milhiser.

The only factual allegations made against Judge Madonia pertain to his judicial acts. A judge is entitled to absolute immunity for his judicial acts unless he acted in the clear absence of jurisdiction, even if the action is erroneous, malicious, or in excess of his authority. Brokaw v. Mercer Cnty., 235 F.3d 1000, 1015 (7th

Cir. 2000). Plaintiff has not alleged that Judge Madonia acted in the clear absence of jurisdiction. Therefore, the claims against Judge Madonia are dismissed.

Plaintiff also complains of actions taken by attorney Elmore acting as a public defender. A court-appointed public defender does not act under color of state law. Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Although Plaintiff alleges that he is "pretty sure" that Elmore and Judge Madonia acted together to deprive Plaintiff of his rights, conclusory statements are insufficient to state a claim. See Tower v. Glover, 467 U.S. 914, 923 (1984) (holding that state public defenders are not immune under § 1983 if they conspire with state actors to deprive their clients of federal rights); Tobey v. Chibucos, 890 F.3d 634, 639 (7th Cir. 2018) (the court does not "credit legal conclusions," and "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" are not sufficient) (quoting Ashcroft v. Iqbal 556 U.S. 662, 678 (2009)).

Plaintiff's complaint contains no allegations against State's Attorney Milhiser and, therefore, fails to state a claim against him. In addition, prosecutors are entitled to absolute prosecutorial immunity for conduct that relates to their role as an advocate for the state.  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the courts of his role as an advocate for the State, are entitled to the protections of absolute immunity").

Plaintiff has stated a § 1983 claim that Officer Norton used excessive force in violation of Plaintiff's Fourth Amendment rights. The allegations against Norton appear to be intertwined with the facts pertaining to the underlying criminal prosecution against Plaintiff in Sangamon County.  A plaintiff cannot bring a § 1983 damages claim that necessarily implies the invalidity of his conviction or sentence.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner's § 1983 damages claim must be dismissed if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence"); but see Evans v. Poskon, 603 F.3d 362, 364 (7th Cir. 2010) (noting that

in some instances, a Fourth Amendment claim can coexist with a valid conviction). Although Plaintiff has not been convicted and Heck would not yet apply, it would be within this Court's discretion to stay this civil action until the criminal case has ended. See Wallace v. Kato, 549 U.S. 384, 393-94 (2007) (court may stay a civil action until the criminal case has ended); Lynch v. Nolan, 598 F. Supp. 2d 900, 903-04 (C.D. Ill. 2009) (finding Younger abstention appropriate to stay the plaintiff's § 1983 suit until the state criminal proceedings were fully resolved). The Court will order service on Officer Norton, who can raise this issue if appropriate.

Plaintiff has also filed additional motions. Plaintiff filed a motion (d/e 6) titled "Add on to Case" [6]. Plaintiff seeks to add to the Complaint the following: "mental pain [and] suffering," "illegal detained (imprisonment)," and "dam[a]ges 500,000 Thousand." The Motion is denied. The Court does not accept piecemeal amendments to a complaint.

Plaintiff also filed a Motion for a Freeze (d/e 5) asking that this Court freeze all court proceedings in Sangamon County. This Motion is denied. Federal courts cannot enjoin ongoing state criminal proceedings absent extraordinary circumstances. Younger

<u>v. Harris</u>, 401 U.S. 37, 43-44 (1971).  Plaintiff does not identify any extraordinary circumstances.

**IT IS THEREFORE ORDERED:**

1)     The claims against Defendants Judge Madonia, James Elmore, and John C. Milhiser are DISMISSED.

2)     Plaintiff's Motion titled "Add on to Case" (d/e 6) is DENIED.

3)     Plaintiff's Motion for a Freeze (d/e 5) is DENIED.

4)     This case is now in the process of service on Defendant Officer L. Norton.  Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

5)     The Court will attempt service on Defendant Officer L. Norton by mailing him a waiver of service.  Defendant has 60 days from the date the waiver is sent to file an Answer or otherwise respond to the complaint.  If Defendant has not filed an Answer, a

motion to dismiss, or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.

6) Defendant Officer L. Norton shall file an answer or otherwise respond within 60 days of the date the waiver is sent by the Clerk. If Defendant files an answer, the answer should include all defenses appropriate under the Federal Rules.

7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the

Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done.**

**ENTERED: July 19, 2018**

**FOR THE COURT:**

<u>     s/Sue E. Myerscough     </u>
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**